UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JAMES H. WARK,<br>**Individually and On Behalf of All Others Similarly Situated,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CHEVRON CORPORATION and NOBLE ENERGY, INC.;**<br><br>    **Defendant.** | §§§§§§§§§§§§ | **CASE NO.: 4:21-cv-00075**<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff James H. Wark ("Plaintiff" or "Wark") and Noble Energy, Inc. ("Noble" or "Defendant") (collectively, the "Parties") file this Joint Motion for Approval of Settlement Agreement, and respectfully show the Court the following.

### I. BACKGROUND

On September 20, 2021, Wark files suit alleging that Noble improperly classified him as an independent contractor and paid him a day rate with no overtime compensation for hours worked in excess of forty hours a workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. *See* Doc. 1. Although the case caption indicated that Wark was filing the suit "individually and on behalf of all other similarly situated," Wark did not raise collection action claims under the FLSA. *Id.* On November 12, 2021, Noble filed its Answer and Affirmative and Other Defenses and emphatically denied all of Wark's allegations. *See* Doc. 12. After exchanging some discovery, the Parties had candid discussions regarding the respective merits of their claims and defenses, and reached a settlement in principal in July, 2022. The Parties finalized

this settlement agreement in August, 2022. The Parties now request approval of their settlement agreement.

## II. ARGUMENT AND AUTHORITIES

When reviewing a proposed settlement of claims under the FLSA, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).

A.  **The Settlement is Fair and Reasonable Resolution of a Bona Fide Dispute.**

   i.  *A Bona Fide Dispute Existed Between the Parties.*

If Wark's allegations were ultimately correct, Noble would be faced with the prospect of a monetary judgment in favor of Wark as well as an obligation to pay litigation fees and costs incurred by Wark. If Noble's arguments were correct, then Wark would not make a recovery or the recovery would be substantially less than what Wark sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side has substantial arguments in support of their legal position on issues, such as whether Wark was an independent contractor and whether Wark would be able to establish a willful violation of the FLSA extending the statute of limitations from two years to three years. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

   ii. *The Proposed Settlement Is Fair and Reasonable.*

The precise terms of the settlement agreement are filed under seal with the Court. The settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Wark, and (2) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits. Such negotiations allowed the parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The settlement agreement is also fair and reasonable because substantial obstacles exist if litigation continues and the settlement provides substantial and immediate relief. The Parties disagree about the merits of Wark's claims, the viability of Noble's defenses, and the proper calculation of damages. Without settlement, the Parties would have engaged in extensive discovery, including depositions of key management witnesses, and litigated dispositive motions on the merits of the claims and on the question of willfulness. Even if Wark had prevailed on the merits by summary judgment or trial, an appeal to the Fifth Circuit would have likely resulted. Under such a scenario, Wark would not see any monetary relief from this case, if any, until years from now. The Settlement Agreement brings immediate benefit to Wark.

The attorneys' fees are reasonable and fair as well. Wark requests the court approve the attorneys' fees of Wark's counsel as stated in the settlement agreement. Such fees are justified as a matter of contract, but especially in this case where counsel worked diligently on a contingency basis.[1] Moreover, Wark was aware of, and agreed to, the contingency fee nature of the

---

[1] *See Singer v. Wells Fargo Bank, N.A.*, 5:19-CV-00679, 2020 WL 10056302, at *2 (W.D. Tex. July 14, 2020) (approving 40% contingency fee in an FLSA collective action); *Matthews v. Priority Energy Servs., LLC*, No. 6:15-
131426948.1

relationship. Finally, the FLSA mandates payment of attorneys' fees to prevailing plaintiffs. *See Ellis v. Viking Enterprises, Inc.*, 5:18-CV-00772, 2019 WL 6271784, at *8 (W.D. Tex. Nov. 22, 2019).

The terms of the settlement have been approved by Wark, Wark's counsel, Noble, and Noble's counsel. Wark entered into the Settlement Agreement voluntarily and knowingly, and understands fully that he is relinquishing his claims in this matter in exchange for the agreed upon settlement. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

The Parties further agree that as a condition of settlement, the terms of the settlement will be kept confidential. Accordingly, the Parties are filing the settlement agreement under seal as Exhibit 1 hereto. The Parties jointly request that the Court keep the terms of the settlement agreement and the settlement agreement itself confidential, and the Parties respectfully request that the Settlement Agreement not be included in the documents and papers publicly filed in this matter. Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request.

## IV. Conclusion.

For the foregoing reasons, the Parties respectfully request that the court enter the proposed Order approving their settlement agreement and the proposed Order dismissing the case as specified therein. The Parties further respectfully request that the Court maintain the

---

CV-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018), *report and recommendation adopted*, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (approving 40% contingency fee in FLSA collective class action); *Green-Johnson v. Fircroft*, et al., No. 4:12-cv-01307 (S.D. Tex., April 3, 2013); Doc. 50 (approving 40% contingency fee in an FLSA collective action); *Covey, et al. v. Iron Cactus, et al.;* No. 1:12-cv-00111-SS (W.D. Tex. August 6, 2013) (approving 40% contingency fee in FLSA collective action); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc.*; No. 1:12-cv-00243 (W.D. Tex., October 8, 2013), Doc. 71 (approving 40% contingency fee in FLSA collective action).
131426948.1

confidentiality of the Settlement Agreement by allowing it to be filed under seal and not permitting any portion of the agreement or its terms to be disclosed publicly.

James H. Wark

*/s/ Taylor Montgomery*

By Their Attorneys:

Michael A. Josephson
Texas Bar No. 24014780
Federal I.D. No. 27157
Andrew W. Dunlap
Texas Bar No. 24078444
Federal I.D. No. 1093163
Taylor Montgomery
Texas State Bar No. 24106326
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Attorneys for Plaintiff*

Noble Energy, Inc.

*/s/   M. Carter Crow*

By Its Attorneys:

M. Carter Crow
Texas Bar No. 05156500
Federal I.D. No. 15048
Kimberly F. Cheeseman
Texas Bar No.  24082809
Federal I.D. No. 2254668
Jesika Silva Blanco
Texas Bar No.  24098428
Federal I.D. No. 2780677

Norton Rose Fulbright US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:    (713) 651-5151
Facsimile:     (713) 651-5246
carter.crow@nortonrosefulbright.com
kimberly.cheeseman@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*Attorneys for Defendant Noble Energy, Inc.*

**CERTIFICATE OF CONFERENCE**

This is a joint motion and, as such, the parties agree to the relief requested herein.

/s/     *Kimberly Cheeseman*
Kimberly Cheeseman

**CERTIFICATE OF SERVICE**

This pleading was served on all counsel of record via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on August 31, 2022.

*/s/ Kimberly F. Cheeseman*
Kimberly F. Cheeseman

131426948.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **JAMES H. WARK,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**CHEVRON CORPORATION and**<br>**NOBLE ENERGY, INC.;**<br><br>     **Defendant.** | §§§§§§§§§§§§ | **CASE NO.: 4:21-cv-00075**<br><br>**JURY TRIAL DEMANDED** |

## ORDER

The Court has considered the Parties' Joint Motion for Approval of Settlement and all applicable law and facts. The Court hereby **GRANTS** the Motion.

**IT IS FURTHER ORDERED** that the FLSA settlement is approved, including all terms set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Parties are allowed to file the Settlement Agreement under seal.

**IT IS FURTHER ORDERED** that the case is dismissed with prejudice, each party to bear their own costs and fees except as stated in the Settlement Agreement. The Court retains jurisdiction to enforce the Settlement Agreement.

_____
    DATE

_____
U.S. District Judge
David Counts